UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
UNITED STATES OF AMERICA
                                                            :      CONSENT PRELIMINARY
        - v. -                                              :      ORDER OF FORFEITURE AND
                                                            :      INTERLOCUTORY SALE AS TO
                                                                   SPECIFIC PROPERTY AND
HOWARD LEVY,                                                :      SUBSTITUTE ASSETS/
                                                                   MONEY JUDGMENT
                Defendant.                         .        :
                                                                   23 Cr. 662 (CS)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about December 14, 2023, HOWARD LEVY (the "Defendant")

was charged in Indictment 23 Cr. 662 (CS) (the "Indictment"), with conspiracy to commit wire

fraud, in violation of Title 18, United States Code, Section 1349 (Count One); conspiracy to

commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count

Two); and aggravated identity theft, in violation of Title 18, United States Code, Sections

1028A(a)(1) and 2 (Count Three);

        WHEREAS, the Indictment included a forfeiture allegation as to Count One of the

Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code,

Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property,

real and personal, that constitutes or is derived from proceeds traceable to the commission of the

offense charged in Count One of the Indictment, including but not limited to a sum of money in

United States currency representing the amount of proceeds traceable to the commission of the

offense charged in Count One of the Indictment;

        WHEREAS, the Indictment also included a substitute asset provision providing that

if, as a result of any act or omission of the Defendant, any property: cannot be located upon the

exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been

placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; the Government shall seek the forfeiture, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the Defendant up to the value of the forfeitable property;

WHEREAS, on or about August 30, 2024, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States: (i) a sum of money equal to $785,008.27 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Indictment; and (ii) all of his right, title and interest in the following real property:

    a.   10102 Indian Creek Drive, Poinciana, Florida, 34759 ("Indian Creek-1 Property");

    b.   16202 Indian Creek Drive, Poinciana, Florida, 34759 ("Indian Creek-2 Property"); and

    c.   1620 Presidential Way, Unit B408, West Palm Beach, Florida, 33401 ("Specific Property");

(collectively, the "Real Property");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $785,008.27 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Defendant consents to the forfeiture of all of his right, title and interest in the Specific Property to the Government as constituting proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, as a result of acts and omissions of the Defendant, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's

2

offense, with the exception of the Specific Property, despite the exercise of due diligence in investigating the assets of the Defendant;

WHEREAS, the Indian Creek-1 Property was jointly titled in the names of the Defendant and his wife Ellorita Levy;

WHEREAS, the Indian Creek-2 Property is jointly titled in the names of the Defendant and Ellorita Levy;

WHEREAS, the Specific Property is titled in the name of the Defendant only;

WHEREAS, the Government has identified the Indian Creek-1 Property and the Indian Creek-2 Property as assets in which the Defendant has an ownership interest;

WHEREAS, on or about ___January 23___, 2025, the Indian Creek-1 Property was sold by the Defendant and Ellorita Levy in an arms-length transaction to a third party (the "Sale"), and the proceeds of the Sale totaled $150,468.54 (the "Net Proceeds");

WHEREAS, on or about February 20, 2025, the Defendant transferred the Defendant's fifty (50) percent share of the Net Proceeds in the Indian Creek-1 Property, totaling $75,234.27 in United States currency (the "Indian Creek-1 Proceeds") to the United States Marshals Service;

WHEREAS, Ellorita Levy consents to the Government's forfeiture of the Specific Property and agrees to not file a petition asserting an interest in the Specific Property;

WHEREAS, on or about March 17, 2025, the Government received an additional payment in the amount of $70,234.21 in United States currency representing all but $5,000 of Ellorita Levy's portion of the Net Proceeds (the "Ellorita Share");

WHEREAS, Ellorita Levy consents to the Government's forfeiture of the Indian Creek-1 Proceeds, the Indian Creek-2 Property, and the $70,234.21 Ellorita Share (collectively,

with the Indian Creek Proceeds and the Indian Creek-2 Property, the "Substitute Assets") and agrees to not file a petition asserting an interest in the Substitute Assets;

WHEREAS, the Government, the Defendant, and Ellorita Levy have agreed to the interlocutory sale of the Indian Creek-2 Property and the Specific Property by the Defendant before the conclusion of the forfeiture proceedings in order to preserve the value of the Indian Creek-2 Property and the Specific Property pending a final order of forfeiture, with the net proceeds of the sale to be held as the substitute *res* pending further order of this Court; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property and the Substitute Assets to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Matthew Podolsky, Acting United States Attorney, Assistant United States Attorneys Jared D. Hoffman and Jeffrey C. Coffman, of counsel, and the Defendant and his counsel, Richard D. Willstatter, Esq., and Ellorita Levy, *pro se*, that:

1.    As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $785,008.27 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2.    As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property

4

and the Substitute Assets is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.      Levy shall not file a petition asserting an interest in the Specific Property or Substitute Assets or take any other action to contest the Government's forfeiture of the Specific Property and/or Substitute Assets.

4.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture and Interlocutory Sale as to Specific Property and Substitute Assets/Money Judgment is final as to the Defendant HOWARD LEVY, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

5.      The Defendant is authorized to sell the Indian Creek-2 Property and the Specific Property (the "Properties") in a commercially feasible manner to achieve the highest possible sale price for the Properties, which shall involve the listing of each of the Properties with a licensed real estate broker.  The United States, or its designee, may, in its sole discretion, reject any offer to purchase the Properties for insufficient value, or where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

6.      Upon the receipt of an offer from a potential buyer for either of the Properties, the Defendant shall provide notice to the Government and shall not accept any offer that is less than two-thirds of the appraised value.

7.      Upon the sale of the Properties, the net proceeds shall be deposited in the Seized Asset Deposit Fund with the United States Marshals Service pending the resolution of this matter.

8.     The net proceeds for the sale of the Properties will include all moneys realized from the sale of the Properties, except for the following:

      a.  Any outstanding mortgages;
      b.  Real estate commissions, fees;
      c.  Any other real estate, property, transfer, association or other tax, which is due and owing at the time of the sale;
      d.  Insurance costs;
      e.  Escrow fees;
      f.  Title fees; and
      g.  County transfer fees

(hereinafter, the "Properties' Net Proceeds").

9.     Defendant shall, upon filing of this Consent Preliminary Order of Forfeiture and Interlocutory Sale Order as to Specific Property and Substitute Assets/Money Judgment and, take all usual and customary steps to sell the Properties in accordance with all laws and procedural rules applicable to such sale, and as set forth in paragraphs 4 through 8, *supra*, with a purpose to effect actual sale within ninety (90) days from the date of entry of this Consent Preliminary Order of Forfeiture and Interlocutory Sale as to Specific Property and Substitute Assets/Money Judgment. In the event the Defendant fails to secure a contract of sale for the Properties within ninety (90) days, the Government is authorized to assume responsibility for the sale of the Properties.

10.     The Properties' Net Proceeds, and any and all income or interest accrued thereon, shall be the substitute *res* for the Properties (the "Substitute Res") and will serve as a substitute *res* for the Properties in the above-captioned case, with all claims and defenses applicable to the Properties, including any other action that may be brought by the United States Attorney's Office for forfeiture of the Properties or claims by third parties, to apply instead to the Substitute Res.

11.     The Properties' Net Proceeds shall be issued in a check made payable to

United States Marshals Service and referencing "U.S. v. Howard Levy, 23 Cr. 662 (CS)," and "16202 Indian Creek Drive, Poinciana, Florida, 34759; and/or 1620 Presidential Way, Unit B408, West Palm Beach, Florida, 33401" in the memorandum section of the check(s) and deposited and be held by the United States Marshals Service in the Seized Asset Deposit Fund pending entry of a final order of forfeiture.

12.    In furtherance of the interlocutory sale the parties agree to execute promptly any documents which may be required to complete the interlocutory sale of the Properties.

13.    The Defendant shall maintain the Properties in the same condition as the Properties are currently in, and shall not remove, destroy, alienate, transfer, detract from, remodel, or alter in any way, the Properties or any fixture, which is part of the Properties, reasonable wear and tear excepted.

14.    Until the sale of the Properties, the Defendant shall pay outstanding and ongoing mortgage payments on the Properties and pay any taxes that come due on the Properties.

15.    Any other payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance & Money Laundering Unit, 26 Federal Plaza. 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

16.    The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

17.    Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the

United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the notice of the forfeiture of the as an internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property and/or Substitute Assets must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

18.    The published notice of forfeiture shall state that the Petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property and/or Substitute Assets, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property and/or Substitute Assets, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property and/or Substitute Assets, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

19.    Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

20.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property and/or Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.  All Specific Property and Substitute Assets forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

21.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

22.    Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of any additional substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

23.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

24.    The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture and Interlocutory Sale as to Specific Property and Substitute Assets/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

25.    The signature page of this Consent Preliminary Order of Forfeiture and Interlocutory Sale as to Specific Property and Substitute Assets/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York

By: _____            5/1/2025
        JARED D. HOFFMAN                                    _____
                                                                          DATE

9

JEFFREY C. COFFMAN
Assistant United States Attorneys
50 Main Street
White Plains, NY 10606
(212) 637-1060 / (914) 993-1940

HOWARD LEVY

By: _____
        HOWARD LEVY

        4/29/25
        DATE

By: _____
        RICHARD D. WILLSTATTER, ESQ.
        *Attorney for Defendant*
        Green & Willstatter, Attorneys at Law
        200 Mamaroneck Avenue, Suite 605
        White Plains, New York 10601
        (914) 948-5656
        willstatter@msn.com

        April 30, 2025
        DATE

ELLORITA LEVY

By: _____
        Ellorita Levy
        *Pro se*

        _____
        DATE

SO ORDERED:

_____
HONORABLE CATHY SEIBEL
UNITED STATES DISTRICT JUDGE

        _____
        DATE

10

JEFFREY C. COFFMAN
Assistant United States Attorneys
50 Main Street
White Plains, NY 10606
(212) 637-1060 / (914) 993-1940

HOWARD LEVY


By:    _____          _____
       HOWARD LEVY                                DATE


By:    _____          _____
       RICHARD D. WILLSTATTER, ESQ.               DATE
       *Attorney for Defendant*
       Green & Willstatter, Attorneys at Law
       200 Mamaroneck Avenue, Suite 605
       White Plains, New York 10601
       (914) 948-5656
       willstatter@msn.com



ELLORITA LEVY

By:    _____          4/28/2025
       Ellorita Levy                              DATE
       *Pro se*


SO ORDERED:

_____                  5/14/25
HONORABLE CATHY SEIBEL                            DATE
UNITED STATES DISTRICT JUDGE


10